IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED LEE STONE | § | |
| (TDCJ No. 599665), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2397-M-BN |
| | § | |
| JOHN VANCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil rights action filed by a Texas prisoner has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under sanctions previously imposed against Plaintiff Alfred Lee Stone and under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Stone (1) obtains written permission from a judge of this Court or of the United States Court of Appeals for the Fifth Circuit to file an amended complaint and (2) pays the full filing fee of $400.00.

### Applicable Background

Stone brings civil rights claims against the former Dallas County District Attorney and the former Texas Attorney General, among others, alleging that the

-1-

criminal prosecution of him was fraudulent. *See* Dkt. No. 3. He has moved for leave to proceed *in forma pauperis*. *See* Dkt. No. 5. And, as another magistrate judge in this circuit recounted in 2011, Stone

> is well known for filing frivolous lawsuits. The Northern District of Texas listed eight cases filed by him that were summarily dismissed as frivolous in *Stone v. Cantrell*, No. 3:03-CV-0102-K, 2003 WL 21649957 (N.D. Tex. Feb. 19, 2003). More recently, this Court dismissed yet another case filed by him as frivolous in *Stone v. Brown*, No. 9:10cv150 (E.D. Tex. Nov. 8, 2010) (appeal dismissed).
>
> The Plaintiff has been repeatedly sanctioned for abuse of court. The Fifth Circuit imposed monetary sanctions in the amount of $100 against him in two cases. *In re Stone*, No. 00-10459 (5th Cir. May 25, 2000); *In re Stone*, No. 00-10200 (5th Cir. Mar. 14, 2000). The abuse of the judicial system prompted United States District Judge Ewing Werlein, Jr., to sanction him another $100 and bar him from filing any future civil actions "unless the suit is accompanied by the entire filing fee of one hundred fifty dollars ($150.00) for a civil complaint or five dollars ($5.00) for a habeas petition and by written permission to file from a United States District Court or Magistrate Judge or from a Judge of a United States Court of Appeals." *Stone v. Johnson*, No. H-00-1496 (S.D. Tex. June 15, 2000) (no appeal). At least four cases have been dismissed pursuant to the sanctions. *Stone v. State of Texas*, No. 3:10-CV-1100-0, 2010 WL 3583366 (N.D. Tex. June 21, 2010) (appeal dismissed); *Stone v. Wiley*, No. 3:05-CV-1291-L, 2005 WL 1521732 (N.D. Tex. June 27, 2005) (no appeal); *Stone v. United States of America*, No. 7:05-CV-016-R, 2005 WL 221407 (N.D. Tex. Jan. 31, 2005) (appeal dismissed); *Stone v. Dretke*, No. 3:04-CV-2496-H, 2004 WL 3019451 (N.D. Tex. Dec. 29, 2004) (no appeal).

*Stones v. Jones*, No. 9:11cv123, 2011 WL 13192925, at *1 (E.D. Tex. July 29, 2011) (recommending dismissal based on prior sanctions and Section 1915(g)), *rec. adopted*, 2011 WL 13193242 (E.D. Tex. Aug. 25, 2011) (appeal dismissed).

## Legal Standards and Analysis

I.   <u>Enforcement of Prior Sanctions</u>

"[T]he judicial system is generally accessible and open to all individuals."

*Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at \*2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

And this Court routinely "honors sanctions imposed by other federal district courts in Texas" against prisoner and non-prisoner vexatious litigants alike. *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at \*2 (N.D. Tex. May 5, 2008):

> In general, the court retains the inherent authority to curb abusive litigation. Federal courts in Texas will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant. *See* MISC. ORD. 48 (N.D. Tex.); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of action based on enforcing other district's sanction order); *Schmidt v. Van Buren*, 243 F. App'x 803 (5th Cir. June 13, 2007) (unpublished per curiam) (noting district court's enforcement of sister court's sanction orders).
>
> "In cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes." *Sparkman v. Charles Schwab & Co., Inc., et al.*, 3:07cv1457-B (N.D. Tex. Feb. 29, 2008) (enforcing multiple sanctions and orders of the U.S. District Court for the Eastern District of Texas against non-prisoner *pro se* litigant).

*Id.* (enforcing "the sanction order of the Western District of Texas pursuant to Misc. Ord. 48" against a non-prisoner *pro se* plaintiff, dismissing action with prejudice, and barring plaintiff "from filing any future civil actions in any court in the Northern

District of Texas without first seeking leave of court"); *see Drake v. Nordstrom Department Stores*, No. 3:18-cv-471-D-BN, 2018 WL 1399179 (N.D. Tex. Mar. 1, 2018) (denying leave to proceed *in forma pauperis* and dismissing non-prisoner *pro se* "action without prejudice on the basis of sanctions imposed by the United States District Court for the Eastern District of Texas"), *rec. adopted*, 2018 WL 1404320 (N.D. Tex. Mar. 19, 2018); *see also Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." (citations omitted)).

Therefore, the Court should honor the sanctions previously imposed against Stone and, as applicable given the posture of this case, require that he both obtain written permission to file an amended complaint from a judge of this Court or of the Fifth Circuit and pay the full filing fee to continue with this action.

II.   Section 1915(g)

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL

-4-

4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam) (noting that use of "the past tense when describing" symptoms is not sufficient to allege imminent danger and that such an allegation based on inadequate medical care should be corroborated by medical records or grievances); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at

*2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Stone's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

The Court should also therefore bar Stone from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under sanctions previously imposed against Plaintiff Alfred Lee Stone and under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Stone (1) obtains written permission from a judge of this Court or of the United States Court of Appeals for the Fifth Circuit to file an amended complaint and (2) pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE